**William N. ERNZEN and Helen C. Ernzen, and Fred Gamauf and Ruth O. Gamauf, and Arthur R. Fortier and Loretta Fortier, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 88–1500–B(BTM).**

United States District Court, S.D. California.

July 14, 1989.

Richard T. Cubbage, San Diego, Cal., for plaintiffs.

Greg Addington, Trial Atty., Tax Div. U.S. Dept. of Justice, Washington, D.C., Robert H. Plaxico, Asst. U.S. Atty., San Diego, Cal., for defendant.

## MEMORANDUM DECISION

BREWSTER, District Judge.

### BACKGROUND

This is an income tax refund action brought by three railroad retirees and their

spouses who receive retirement benefits under the Railroad Retirement Act.

Under railroad retirement programs, railroad workers pay more payroll tax and receive greater retirement benefits than workers covered under the social security system. Since 1974, benefits paid pursuant to the Railroad Retirement Act, 45 U.S.C., § 231 *et seq.*, have been formally divided into two categories or "tiers." The Tier I component is essentially the amount a retiree would have received if he had been covered by the social security system. The Tier II component is the amount that the retiree receives in excess of what a social security recipient would receive in similar circumstances.

Prior to 1983, virtually all railroad retirement system benefits were exempt from federal income tax, whereas other private sector retirees enjoyed tax-exempt status only with respect to their social security income. In 1983, however, in order to protect the railroad retirement system from insolvency, Congress passed the Solvency Act of 1983 which amended the Railroad Retirement Act. Since then, Tier II benefits have been taxed in the same manner as private pension benefits.

The plaintiffs' complaint presents two somewhat overlapping claims for relief. First, plaintiffs claim that they have been improperly required to pay taxes on that portion of their Tier II retirement benefits which represents a return of their own contributions as retirees to the railroad retirement fund. Second, they claim that, of the portion of their Tier II retirement benefits which does not represent a return of their own contributions, the only portion which is taxable is the portion paid from employer contributions. The parties have filed cross-motions for summary judgment.

## DISCUSSIONS

It appears that plaintiffs Fred and Ruth Gamauf have previously litigated their tax liability for tax year 1984 and that plaintiffs Arthur and Loretta Fortier have previously litigated their tax liability for tax years 1984 and 1985. Therefore, this court is barred by the doctrine of res judicata from hearing the claims of these plaintiffs. Since it also appears that there has been previous litigation of the tax liabilities of plaintiffs William and Helen Ernzen for the tax year 1984, the court will confine this decision to a determination of the merits of the claims of plaintiffs Ernzen for the taxable years 1985 and 1986.

Summary adjudication is proper in this case, as there are no unresolved factual issues. The parties are in complete agreement as to all facts and merely seek a determination of the proper application of the tax code.

Title 26 U.S.C. § 72(r) describes the manner in which Tier II benefits are to be taxed. Under § 72(r)(1), Tier II benefits are treated for tax purposes as private pensions pursuant to 26 U.S.C. § 401(a). Section 401(a) pensions are treated as annuities pursuant to 26 U.S.C. § 402(a). According to 26 U.S.C. § 72(b), employees receiving benefits under private annuities are not taxed on the return of their own contributions.

Although plaintiffs made employee contributions to the railroad retirement fund from 1937 to 1975, they concede that those contributions have already been paid back as benefits and are fully recovered. They seek exemption instead of that portion of their benefits which represents contributions made by themselves as retirees and by present employees.

### A. *Taxation of Retiree Contributions*

■ Plaintiffs assert that the revenues derived from the federal tax on retirement benefits constitute roughly five percent of the railroad retirement fund, the remainder of the fund being made up of employer contributions, roughly 80 percent, and employee contributions, roughly 15 percent. The government does not dispute these figures. Plaintiffs, therefore, contend that the taxes on retiree benefits making up five percent of the fund must be treated as "contributions" to the fund. Since the railroad retirement fund has only slightly more than the required funds to cover the following year's retirement benefit payments, plaintiffs argue that the taxes on

benefits paid by a retiree in a given year will be paid back the following year in benefits and as such are not taxable as income.

The court rejects this argument and holds that the taxes paid by retirees on their railroad retirement benefits are not contributions within the meaning of the tax code. Nowhere does the code define "retirees" as "employees." The definition of "employee contribution" is contained in section 72(r)(2)(A), which provides as follows:

(i) the tier 2 portion of the tax imposed by section 3201 (relating to tax on employees) shall be treated as an employee contribution,

(ii) the tier 2 portion of the tax imposed by section 3211 (relating to tax on employee representatives) shall be treated as an employee contribution, and

(iii) the tier 2 portion of the tax imposed by section 3221 (relating to tax on employers) shall be treated as an employer contribution.

In light of the fact that the code provides this unambiguous statutory definition of what constitutes a contribution to the railroad retirement fund, the court must reject the plaintiffs' assertion that taxes paid by retirees on retirement benefits are contributions which are tax exempt when returned as benefits. The government's motion for summary judgment on this issue is, therefore, granted.

B. *Taxation of Employer's Contributions Only*

■ Plaintiffs' second claim is that, of the portion of their Tier II benefits which does not represent a return of their own taxes paid on the previous year's benefits, only that portion representing the employer's contribution is taxable. Plaintiffs assert that the portion of their benefits which represents a return of present employees' contributions to the fund is not taxable to them as retirees. In support of this assertion, plaintiffs cite sections of the legislative history of the 1983 amendments which state: "This section would tax Tier II benefits in a manner similar to private pensions. The tax would only apply to employer con-

tributions." *See* 1983 U.S.Code Cong. & Admin.News 755, 842.

The court finds no support for the plaintiffs' position in these statements, which merely affirm that Tier II benefits are to be taxed as private pensions are taxed. The rules governing the taxation of private pensions provide that all amounts received as retirement benefits are taxable except those amounts which represent a return of the employee's *own* investment in the fund. Application of the plaintiffs' theory would result in the present employees' contributions escaping taxation twice; first, when paid out as tax exempt benefits to the plaintiffs, and again when paid out later as tax exempt benefits to the contributing employees when they become retirees.

The code expressly states that a beneficiary of a private pension plan may not exclude from income any amount received as an annuity which exceeds his unrecovered investment in the plan. Title 26 U.S.C. § 72 states in pertinent part:

(a) General rule for annuities—Except as otherwise provided in this chapter, gross income includes any amount received as an annuity ...

(b) Exclusion ratio—

(1) In general—Gross income does not include that part of any amount received as an annuity ... which bears the same ratio to such amount as the investment in the contract bears to the expected return under the contract ...

(2) Exclusion limited to investment—The portion of any amount received as an annuity which is excluded from gross income under paragraph (1) shall not exceed the unrecovered investment in the contract immediately before the receipt of such amount.

In this case, the plaintiffs concede that they have already recovered the contributions they made to the fund as employees. According to their theory, then, they would be entitled to exclude from their gross income benefits received which exceed their unrecovered investment. This result is clearly prohibited by the code. The government's motion for summary judg-

ment must, therefore, be granted as to both of the issues raised by the plaintiffs.

IT IS SO ORDERED.