**William N. ERNZEN and Helen C. Ernzen, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 89–56182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1990.

Decided Jan. 11, 1991.

Richard T. Cubbage, San Diego, Cal., for plaintiffs-appellants.

Janet A. Bradley, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before NORRIS, HALL and RYMER, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

William and Helen Ernzen, a railroad retiree and his wife, appeal the grant of summary judgment in favor of the government in their action for an income tax refund. The Ernzens sought refunds for their 1985 and 1986 returns, seeking to exclude from income taxes they had paid in previous years on their Tier II railroad retirement benefits. Since Tier II benefits were taxed in part to rescue the Railroad Retirement System from insolvency and since those benefits are taxed in the same manner as private pensions, the Ernzens argued that their income tax payments were not taxes per se, but "contributions" to the Railroad Retirement System which, under general annuity principles, could be excluded from income when received as benefits.[1] The district court granted summary judgment in favor of the government. 715 F.Supp. 1483. We have jurisdiction under 28 U.S.C. section 1291 and affirm.

I

William Ernzen worked for railroad companies from 1937 to 1975. During that period, he made employee contributions to the Railroad Retirement System (RRS), a federally administered retirement system for railroad employees, which is operated pursuant to the Railroad Retirement Act of 1974, 45 U.S.C.A. § 231 et seq. (West 1986 & Supp.1990). *See generally* H.R.Rep. No. 30, 98th Cong., 1st Sess., pt. I, 14–21, *reprinted in* 1983 U.S.Code Cong. & Admin. News 729, 730–737 (explaining basic structure of the RRS). Railroad retirement benefits are paid from, and revenues paid to, the Railroad Retirement Account, a trust fund. 45 U.S.C.A. § 231n (West 1986). Those benefits consist of two components, or tiers. Tier I is comparable to Social Security, while Tier II is analogous to a private pension. H.R.Rep. No. 30, 98th Cong., 1st Sess., pt. I, 17–18, *reprinted in* 1983 U.S.Code Cong. & Admin.News 729, 733–34.[2] When Ernzen retired in 1975, he and his wife Helen began collecting monthly annuity benefits from the RRS.

In 1983, Congress taxed railroad retirement benefits for the first time. In the Social Security Amendments of 1983, Pub.L. No. 98–21, § 121, 97 Stat. 65, 80–84 (codified at 26 U.S.C.A. § 86(d) (West Supp. 1990)), Tier I benefits were taxed in the same manner as Social Security benefits.[3] Shortly thereafter, in the Railroad Retirement Solvency Act of 1983 ("the Solvency Act"), Pub.L. No. 98–76, § 224, 97 Stat. 411, 421–24 (codified at 26 U.S.C.A. § 72(r) (West Supp.1990)), Tier II benefits were taxed in the same way that qualified private pensions are taxed. That is, except to the extent they represent the taxpayer's own contributions, all Tier II benefits are includible in income. 26 U.S.C.A. §§ 72(a), (b), (c), (r) (West Supp.1990).

The Ernzens paid their 1984 through 1986 taxes. They then sought a refund, first through an administrative refund process and then by filing suit in district court, claiming that the taxes they had paid on their Tier II benefits during those years were "contributions" to the Railroad Retirement Account which, under general annuity principles, could be excluded from income when received as benefits in subse-

---

1. The Ernzens previously challenged, on equal protection grounds, the taxation of their Tier II railroad retirement benefits, but were denied relief. *Ernzen v. United States,* 875 F.2d 228 (9th Cir.1989). The *Ernzen* panel declined to consider the issue presented here, concluding that it had been raised for the first time on appeal. *Id.* at 231 n. 4.

2. From its inception in 1974 until 1981, the Tier II program was financed by payroll taxes paid solely by employers. Since 1981, railroad employees have also been required to contribute to the program through payroll taxes. *Wallers v. United States,* 847 F.2d 1279, 1281 (7th Cir. 1988).

3. *See* 26 U.S.C.A. § 86(a)–(d) (West Supp.1990); *see generally Wallers,* 847 F.2d at 1281.

quent years.[4] At the time of their refund actions, the Ernzens had fully recovered as benefits all contributions made to the RRS while William Ernzen was a railroad employee.

On cross-motions for summary judgment, the district court rejected the Ernzens' argument, holding that taxes paid by retirees on their retirement benefits are not contributions within the meaning of the Tax Code, and granting summary judgment in favor of the government. Specifically, the court held that Congress, in section 72(r)(2), provided an "unambiguous statutory definition of what constitutes a contribution to the railroad retirement fund" and that the Ernzens' tax payments were not "contributions" as defined in that section. This appeal followed.

## II

■ The district court's grant of summary judgment is reviewed de novo. *Moorhead v. United States*, 774 F.2d 936, 939–40 (9th Cir.1985). The parties agree that there are no genuine issues of material fact; the sole question is whether the district court properly interpreted and applied the statutory provisions at issue. *Id.*

## III

■ As discussed more fully below, Tier II benefits are taxed under the Solvency Act as annuities. Under section 72(b) of the Tax Code, annuities are taxed only to the extent they represent income.[5] Because a recipient's own investment in an annuity may not be taxed, he may exclude from income, under section 72(b), the portion of benefit payments that represents his previous contribution to the annuity fund.

The Ernzens claim that the taxes they paid on their Tier II benefits were not income taxes per se, but "contributions" to the Railroad Retirement Account. Although collected through the general income tax, the tax was imposed, they argue, to shore up the finances of the RRS and is specifically earmarked for the Retirement Account. Since they and other retirees "contribute" directly to the Retirement Account by paying taxes on their Tier II benefits, the Ernzens claim that their annual income tax payments are "contributions" to the Retirement Account which may be excluded from income under section 72(b) when "returned" as a portion of the benefits they receive in subsequent years.

We agree with the district court that the taxes paid by the Ernzens are income taxes and nothing more. The express terms of the Solvency Act and its legislative history make clear that the only Tier II taxes excludable from income under section 72(b) as "contributions" to the Railroad Retirement Account are those defined in section 72(r)(2). Since the Ernzens income tax payments fall outside that definition, their request for a refund was properly denied.

### A

We begin with the express terms of the Solvency Act. *See Sacramento Regional County Sanitation Dist. v. Reilly*, 905 F.2d 1262, 1268 (9th Cir.1990) ("first step of statutory construction is to apply the plain meaning of the statute"). The Act added to the Tax Code a new section, 72(r), which describes the manner in which Tier II benefits are to be taxed. Pub.L. No. 98–76, § 224(a), 97 Stat. 411, 421–22 (1983) (codified at 26 U.S.C.A. § 72(r) (West Supp. 1990)). Section 72(r)(1) states that Tier II

---

**4.** The Ernzens paid income tax on the full amount of Tier II benefits received during the years in question. Arguing that their 1984 tax payment was "received back" in 1985 as part of the Tier II benefits they received in that year, they alleged an overpayment on their 1985 return of $2,204, which allegedly was owed to them as a "repayment of their own contributions into the Trust Fund." A similar claim for an overpayment of $1,486 was made for their 1986 return.

**5.** Section 72(b) provides in part:

(1) In general.—Gross income does not include that part of any amount received as an annuity under an annuity, endowment, or life insurance contract which bears the same ratio to such amount as the investment in the contract (as of the annuity starting date) bears to the expected return under the contract (as of such date).

26 U.S.C.A. § 72(b)(1) (West Supp.1990).

benefits are to be taxed in the same manner as private pensions under section 401(a) of the Tax Code.[6] Since section 401(a) speaks of "contributions" which are "made to the trust by such employer, or employees," 26 U.S.C.A. § 401(a)(1) (West Supp. 1988), Congress expressly defined, in the very next clause of section 72, what constitutes a "contribution" for purposes of section 72(r)(1). Section 72(r)(2) provides in part:

> (2) Tier 2 taxes treated as contributions.—
>
> (A) In general.—For purposes of paragraph (1)—
>
> (i) the tier 2 portion of the tax imposed by section 3201 (relating to tax on employees) shall be treated as an employee contribution,
>
> (ii) the tier 2 portion of the tax imposed by section 3211 (relating to tax on employee representatives) shall be treated as an employee contribution, and
>
> (iii) the tier 2 portion of the tax imposed by section 3221 (relating to tax on employers) shall be treated as an employer contribution.

*Id.* § 72(r)(2) (West Supp.1990). It is these "contributions" that may be excluded from income under section 72(b) when received as a benefit.

■ We agree with the district court that section 72(r)(2) provides an unambiguous statutory definition of what constitutes a "contribution" to the Railroad Retirement Account for purposes of section 72(b). Thus, for a railway worker like William Ernzen, that contribution is the tax imposed by section 3201 on the earnings of active railway workers, which is collected in the form of a payroll tax under section 3202(a).[7] Income taxes paid by retirees on the benefits they receive, however, clearly fall outside the statutory definition of "contribution" and may not be excluded from income under section 72(b).

The adjacent subsection of the Solvency Act, section 224(b), reinforces our conclusion that Congress intended section 72(r)(2) to be the exclusive definition of "contribution" to the Railroad Retirement Account. It added section 6050G to the Tax Code, which requires the filing of informational returns that distinguish between

> (1) the aggregate amount of *benefits paid* under the Railroad Retirement Act of 1974 [other than Tier I benefits] ... to any individual during the calendar year

and

> (2) the *employee contributions ... which are treated as having been paid for purposes of section 72(r).*

Pub.L. No. 98–76, § 224(b), 97 Stat. 411, 422–23 (1983) (codified at 26 U.S.C.A. § 6050G (West 1989)) (emphasis added). By linking "employee contributions" to section 72(r) and by otherwise distinguishing those contributions from general Tier II benefits paid, section 6050G supports the conclusion that only those taxes defined in section 72(r)(2) may constitute a "contribution" to the Retirement Account for purposes of section 72(b).[8]

---

**6.** 26 U.S.C.A. § 72(r)(1) (West Supp.1990). Section 401(a) pensions are treated as annuities pursuant to 26 U.S.C. § 402(a), and are subject to taxation under 26 U.S.C. § 72.

**7.** Section 3201(b) provides in part:
> In addition to other taxes, there is hereby imposed on the income of each employee a tax equal to 4.90 percent of the compensation received during any calendar year by such employee for services rendered by such employee.

26 U.S.C.A. § 3201(b) (West 1989).
> Section 3202(a) provides in part:
> The taxes imposed by section 3201 shall be collected by the employer of the taxpayer in deducting the amount of the taxes from the compensation of the employee as and when paid.

*Id.* § 3202(a) (West 1989).

**8.** Our interpretation of the Solvency Act is consistent with that suggested by the Seventh Circuit in *Wallers v. United States,* 847 F.2d 1279 (7th Cir.1988). There, railroad retirees challenged the taxation of Tier II benefits on equal protection grounds. The court, in rejecting their claim, declined to rule on the retirees' contention that they could be taxed only on the portion of Tier II benefits attributable to employer contributions, as the argument was raised for the first time on appeal. *Id.* at 1284. In dicta, however, the court discussed how the plaintiffs might obtain a refund: "If Wallers and Fortier did not exclude from income benefits representing their own contributions, they may be entitled to partial refunds." *Id.* (footnote omitted). In a footnote, the court implied

B

The Ernzens nevertheless argue that section 72(r)(2) was not intended by Congress to be the exclusive definition of "contribution," and that the district court's interpretation is contrary to the Act's legislative history. When the plain language of the statute appears to settle the question, "we look to the legislative history to determine only whether there is 'clearly expressed legislative intention' contrary to that language." *INS v. Cardoza–Fonseca*, 480 U.S. 421, 432 n. 12, 107 S.Ct. 1207, 1213 n. 12, 94 L.Ed.2d 434 (1987) (quoting *United States v. James*, 478 U.S. 597, 606, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986)). Unfortunately for the Ernzens, the Act's legislative history supports the district court's reading of the statute.

As the House Ways and Means Committee, which drafted the tax provisions of the Act, explained:

> Your Committee's bill provides that any benefit provided under the Railroad Retirement Act of 1974 (other than a tier 1 railroad retirement benefit) is treated as a benefit provided under a tax qualified pension plan. Accordingly, under the bill, a benefit provided under the Railroad Retirement Act of 1974 (other than a tier 1 benefit) generally (1) *is, if payable in the form of an annuity,*

*includible in gross income when paid,* . . .

> Under your Committee's bills [sic], the tier 2 portion of the *tax imposed on employees* and on employee representatives *is treated as employee contributions that are not includible in gross income when received.*

H.R.Rep. No. 30, 98th Cong., 1st Sess., pt. II, 27–28, *reprinted in* 1983 U.S.Code Cong. & Admin.News 813, 821–22 (emphasis added). The Energy & Commerce Committee, which jointly authored the bill with the Ways & Means Committee, likewise stated unequivocally that only "employee contributions," as defined in the Act, could be excluded from income: "Tier II benefits would be taxed in a manner similar to private pensions under the usual tax rules. Under these rules, *employees would not be taxed on employee contributions. For this purpose, tier II employee taxes would be considered as employee contributions.*" *Id.*, pt. I, 50, *reprinted in* 1983 U.S.Code Cong. & Admin.News 729, 766 (emphasis added); *see also* 129 Cong.Rec. H6135 (daily ed. Aug. 2, 1983) (Summary of Joint Energy & Commerce and Ways and Means Substitute to H.R. 1616) ("Tier II benefits would be subject to income tax like a private pension. Thus, benefits in excess of *employee contributions* would be includible in gross income.") (emphasis added).[9]

---

that their "contributions" consist only of payroll taxes: "Before 1974, payroll taxes were not designated as Tier I and Tier II. Section 72 explains in detail how Wallers and Fortier should calculate what the Code deems to be their *contributions to the Tier II program during the years they worked.*" *Id.* at 1284 n. 14 (emphasis added).

**9.** The legislative history exposes another flaw in the Ernzens' argument. A fundamental premise of their claim is that their income tax payments were not taxes in the conventional sense, but a special assessment collected exclusively for the Railroad Retirement Account. It is this special purpose which allows them to claim that their tax payments were "contributions" rather than "taxes." Although it is true that the Act was passed to prevent the imminent insolvency of the RRS, *see Ernzen v. United States*, 875 F.2d 228, 229 (9th Cir.1989), its legislative history suggests that Congress viewed the tax on Tier II benefits as an income tax, the proceeds of which were linked to shoring up the Retirement Ac-

count. As the Ways and Means Committee explained:

> Since the Social Security Amendments of 1983 (P.L. 98–21) provided for the taxation of both social security and Tier One benefits, your Committee believes *it is appropriate, as a matter of public policy, to provide for the taxation of . . . Tier Two benefits.* In view of the fact that these are benefits which are paid to rail workers above and beyond any social security benefit which the beneficiary may receive, your Committee concluded that it would be appropriate to treat such benefits as private pensions for income tax purposes.
>
> Your Committee believes that the proper disposition of the revenues raised by changes in this section, is *to temporarily deposit the additional revenues in the Railroad Retirement Account,* so that they will be available for the payment of benefits and then to subsequently deposit those funds in the General Fund. . . .

H.R.Rep. No. 30, 98th Cong., 1st Sess., pt. II, 27, *reprinted in* 1983 U.S.Code Cong. & Admin.

## C

The Ernzens' claim falters on another ground. In addition to providing an exclusive definition of "contribution" in section 72(r)(2), the Solvency Act expressly addresses the tax treatment of benefits received after 1983. Section 227 states:

(3) NO FRESH START.—For purposes of determining whether any benefit received after December 31, 1983, is includible in gross income by reason of section 72(r) of the Internal Revenue Code of 1954, as added by this Act, the amendments made by section 224 [i.e., section 72(r) ] be [sic] treated as having been in effect during all periods before 1984.

Pub.L. No. 98–76, § 227(b)(3), 97 Stat. 411, 426 (1983). The House Ways & Means Committee Report accompanying the bill explains the operation of this provision.

For purposes of determining the extent to which employee contributions previously have been recovered under the rules of section 72 of the Internal Revenue Code, *the section [72(r)] is treated as having been in effect for all periods before 1984.* Thus, for example, suppose that a recipient of tier 2 benefits would have had benefits equal to his contributions excluded from gross income in taxable years beginning before 1984 had the amendments made by the bill been in effect during those years. For this recipient, no benefits would be excluded from gross income in taxable years beginning after December 31, 1983, by reason of being treated as employee contributions.

H.R.Rep. No. 30, 98th Cong., 1st Sess., pt. II, 29, *reprinted in* 1983 U.S.Code Cong. & Admin.News 813, 823 (emphasis added). Since the Ernzens have received benefits equivalent to their contributions to the Railroad Retirement Account, their claim for a refund necessarily fails, regardless of the characterization of their "contribution."

News 813, 821 (emphasis added). Thus, we find insufficient support for the Ernzens' view that their taxes were a "payment[ ] for a special

## IV

We conclude that the taxes paid by the Ernzens on their Tier II benefits are income taxes, plain and simple. The district court's grant of summary judgment is therefore AFFIRMED.

purpose," earmarked exclusively for the Railroad Retirement Account.