**R.T. CUBBAGE; Y.E. Cubbage,
Plaintiffs–Appellants,**

**v.**

**UNITED STATES of America,
Defendant–Appellee.**

No. 92–55773.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1994.

Decided April 13, 1994.

---

Richard T. Cubbage, pro se.

Kevin Brown (argued), and Gary R. Allen, David I. Pincus and Nancy G. Morgan (on the brief), U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before: BRIGHT,* WIGGINS and T.G. NELSON, Circuit Judges.

Opinion by Judge BRIGHT.

BRIGHT, Senior Circuit Judge:

Taxpayers R.T. and Y.E. Cubbage appeal the judgment of the district court denying them a tax refund. We affirm.

Neither party disputes the underlying facts. R.T. Cubbage retired in 1975 from service as an attorney with a railroad company. Prior to 1983, R.T. Cubbage received benefits equal to the contributions he made as an employee to the Railroad Retirement System [RRS], pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq.*

The Cubbages brought this action seeking a refund of a portion of the income taxes paid on R.T. Cubbage's 1988 Tier 2 railroad benefits. The amount of tax refund sought totals

$144.00, which plaintiffs assert was based on Tier 2 benefits derived from contributions made by non-vested employees who would never receive benefits from the RRS.

On cross-motions for summary judgment, the district court denied plaintiffs' motion and granted the Government's motion, concluding that "the contributions to the Tier II railroad retirement trust fund are taxable except to the extent of the employee's own contributions." *Cubbage v. United States,* No. CV–91–1860–H, 1992 WL 189383 (D.S.Cal. filed May 28, 1992). In addition, the district court concluded that plaintiffs were not subject to double taxation. *Id.*

We review the district court's grant of summary judgment de novo. *Ernzen v. United States,* 922 F.2d 1433, 1435 (9th Cir. 1991). The Cubbages and the United States agree that there are no genuine issues of material fact; the sole question is whether the district court properly interpreted and applied the statutory provisions at issue.

Section 72(r)(1) provides that for income tax purposes, Tier 2 benefits are to be treated as a benefit "provided under an employer plan which meets the requirements of [26 U.S.C.] section 401(a)." "Section 401(a) pensions are treated as annuities under 26 U.S.C. § 402(a) [which refers to § 72 for taxation of annuities]." *Wallers v. United States,* 847 F.2d 1279, 1284 n. 13 (7th Cir. 1988). Employee contributions are not included in gross income when benefits are provided under a qualified plan, as is the case here.

> Employee contributions are considered an investment in the contract for purposes of determining the income tax treatment of amounts payable as an annuity under a qualified plan. If an individual would receive an amount exceeding the employee contributions during the first three years after annuity payments begin, no amounts are included in gross income until the employee contributions have been recovered (sec. 72(d) of the Internal Revenue Code). In other cases, annuity benefits are prorated between taxable and nontaxable ele-

---

* Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by

designation.

952

ments to reflect employee contributions (sec. 72(a) of the Internal Revenue Code).

H.R.Rep. No. 30, Part II, 98th Cong., 1st Sess. (1983), *reprinted in* 1983 U.S.C.C.A.N. 729, 820 n. 3.

Under either 45 U.S.C. § 231 *et seq.* or 26 U.S.C. § 72(r)(1), plaintiffs cannot avoid characterization of the Tier 2 benefit as "an amount paid as an annuity." Accordingly then, § 72(a) applies, and plaintiffs may only exclude from gross income the portion of benefit payments representing R.T. Cubbage's previous contributions to the pension fund. 26 U.S.C. § 72(r)(2); *Wallers,* 847 F.2d at 1284; *see also Ernzen,* 922 F.2d at 1436, 1438 (interpretation of whether nontaxable "contributions" included income tax paid on plaintiffs' benefits limited to whether plaintiffs had received benefits equivalent to *"their contributions* to the Railroad Retirement Account." (emphasis added)).

In addition, plaintiffs' claim of double taxation fails, as the facts demonstrate two separate taxable events: first, gross income represented by wages received in the hands of the non-vested railroad employees, and second, gross income represented by Tier 2 retirement benefits received by railroad retiree in excess of his prior contributions to the fund.

Accordingly, for the foregoing reasons, and in addition the well-reasoned analysis of the issue by District Judge Marilyn L. Huff, *see Cubbage v. United States,* No. CV–91–1860–H, 1992 WL 189383 (D.S.Cal. filed May 28, 1992), we affirm.

**AFFIRMED.**